IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal No. 3:03CR203

GREGORY W. BURWELL

**MEMORANDUM OPINION**

Gregory W. Burwell, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 171) arguing that his firearm convictions are invalid under Johnson v. United States, 576 U.S. 591 (2015) and United States v. Taylor, 142 S. Ct. 2015 (2022). For the reasons set out below, Burwell's § 2255 Motion will be granted in part and denied in part.

**I.   PROCEDURAL HISTORY**

Following a jury trial, Burwell was convicted of three counts of conspiracy to interfere with commerce by threats or violence (Hobbs Act robbery) Counts One, Five, Seven); one count of attempted Hobbs Act robbery (Count Two); one count of Hobbs Act robbery (Count Eight); and, two counts of possessing and brandishing a firearm during and in relation to a crime of violence (Counts Three and Nine). (Docket No. 71, at 1-2; see Docket No. 29, at 1-2.) As pertinent here, the Second Superseding Indictment charged that Burwell "knowingly, intentionally, and unlawfully possess[ed], a firearm which was brandished during and

in relation to the crime of violence charged in Count Two, to wit: the attempt[ed] robbery of J & D Market . . . ." (Docket No. 29, at 2.) Count Nine charged that Burwell possessed and brandished a firearm "during and in relation to the crime of violence charged in Count Eight . . . ." (Id. at 5-6.) Count Eight charged Burwell with the Hobbs Act robbery of the Steady Flow Clothing Store. (Id. at 5.)

The Court sentenced Burwell to 552 months of imprisonment. (Docket 71, at 3.) This term consisted of 168 months of imprisonment for Counts One, Two, Five, Seven, and Eight, to be followed by a consecutive sentence of 84 months on Count Three and a consecutive sentence of 300 months on Count Nine. (Id.)

On June 2, 2008, the Court denied Burwell first 28 U.S.C. § 2255 Motion. (Docket Nos. 123, 124.) On March 24, 2021, the United States Court of Appeals for the Fourth Circuit granted Burwell authorization to file a successive 28 U.S.C. § 2255 motion. (ECF No. 168.) By Order entered on September 29, 2021, the Court granted the GOVERNMENT'S MOTION TO CONTINUE CASE IN ABEYANCE pending the Supreme Court's decision in United States v. Taylor, 979 F.3d 203 (4th Cir. 2020), cert. granted, 141 S. Ct. 2882 (2021). On June 21, 2022, the Supreme Court affirmed the Fourth Circuit's decision in Taylor. United States v. Taylor, 142 S. Ct. 2015, 2026 (2022).

## II. ANALYSIS

In <u>Johnson v. United States</u>, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." <u>Id.</u> at 606.[1] The <u>Johnson</u> Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. <u>Id.</u> at 596-97 (citation omitted). Subsequently, in <u>Welch v. United States</u>, 578 U.S. 120 (2016), the Supreme Court held that "<u>Johnson</u> announced a substantive rule [of law] that has retroactive effect in cases on collateral review." <u>Id.</u> at 135.

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" <u>Johnson</u>, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

At the time of Burwell's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Elements Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). In 2019, the Supreme Court invalidated the Residual Clause. United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Therefore, in order for Burwell's § 924(c) convictions in Counts Three and Nine to remain valid, each must be predicated upon a valid crime of violence under the Elements Clause.

4

### A. Count Three Does Not Rest On A Valid Predicate

The Supreme Court recently held that attempted Hobbs Act does not qualify as a crime of violence under the Elements Clause. United States v. Taylor, 142 S. Ct. 2015, 2020-21 (2022). The Government concedes and the Court agrees that attempted Hobbs Act robbery "is not a crime of violence under Taylor, so Count 3 must be vacated." (ECF No. 183, at 4.) Accordingly, the § 2255 Motion (ECF No. 171) will be granted in part to the extent that Burwell's conviction and sentence on Count Three will be vacated.

### B. Count Nine Rests On A Valid Predicate

As noted above, Burwell's § 924(c) conviction in Count Nine in predicated on the Hobbs Act robbery charged in Count Eight. The Fourth Circuit has concluded that Hobbs Act robbery is crime of violence under the Elements Clause. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, Burwell fails to demonstrate that the Supreme Court's decisions in Johnson, Welch, or Taylor undermine the validity of his conviction and sentence for Count Nine. Accordingly, Burwell's § 2255 Motion will be denied to the extent that he seeks to challenge his conviction and sentence for Count Nine.

### C. Burwell's Remaining Challenges To Counts Nine And Three Are Not Authorized Under 28 U.S.C. § 2255(h)(2)

The Fourth Circuit granted Burwell pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Burwell must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Fourth Circuit's determination that Burwell satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary for the Court to dismiss any of Burwell's claim, if the Court finds that it is barred under § 2255(h). See United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

In addition to the authorized challenges addressed above, Burwell asserts that "Counts Three and Nine of Burwell's Indictment failed to charge a codified federal offense thus leaving the District Court without jurisdiction to convict and sentence Movant

6

to 32 years for two non-existent firearm offenses." (ECF No. 171-1, at 5 (capitalization, spelling, and punctuation corrected).) This challenge is not based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Accordingly, it will not be considered further.

### D. The Appropriate Remedy

The United States Court of Appeals for the Fourth Circuit has explained that,

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." Id. at 665 (citations omitted) (internal quotation marks omitted).

The Government argues and the Court agrees the appropriate remedy is to conduct a full resentencing on the remaining counts of conviction. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (noting, in a direct appeal, that "[w]e agree with our sister circuits that 'when a defendant is found guilty on a

7

multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' and that if some counts are vacated, 'the judge should be free to review the efficacy of what remains in light of the original plan'" (quoting United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999))); see also United States v. Said, 26 F.4th 653, 665 n.19 (4th Cir. 2022) ("[T]he 'sentence-package theory,'. . . we have recognized, provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction." (quoting United States v. Chaney, 911 F.3d 222, 226 (4th Cir. 2018))).

### III. CONCLUSION

Burwell's MOTION TO EXPEDITE PROCEEDINGS (ECF No. 172) and MOTION TO COMPEL JUDGMENT (ECF No. 184) will be granted to the extent that Burwell's § 2255 Motion (ECF No. 171) will be granted in part and denied in part. Burwell's conviction and sentence on Count Three will be vacated. The Clerk will be directed to appoint counsel to represent Burwell. Within fifteen (15) days from the date of entry hereof, counsel for the Government and counsel for Burwell shall contact the Court to set the matter for resentencing. The Clerk will be directed to transmit a copy of the Memorandum Opinion and Order the United States Probation Office. The United

States Probation Office shall prepare a revised Presentence Investigation Report for the forthcoming resentencing.

The Clerk is directed to send a copy of Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 20, 2022
Richmond, Virginia